IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| KIMBERLY WORKMAN<br>P.O. Box 560<br>Lenore, WV 25676<br>Mingo County<br><br>          Plaintiff,<br><br>vs.<br><br>HARRIS & HARRIS, LTD<br>222 Merchandise Mart Plaza<br>Suite 1900<br>Chicago, IL 60654<br><br>Serve on:<br>CORPORATION SERVICE COMPANY<br>209 West Washington Street<br>Charleston, WV 25302<br><br>          Defendant. | )<br>)<br>)<br>)  CIVIL NO. ~~1:18-cv-~~<br>)<br>)             2:18-cv-00526<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, by and through his undersigned attorney, and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the "Fair Debt Collection Practices Act" 15 U.S.C. §1692, et. seq., (hereinafter the FDCPA), under 15 U.S.C. §1692 et seq, and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 et seq., to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to Defendant's unlawful conduct.

### JURISDICTION & VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §1331 and §1337, as the action arises under the laws of the United States. Supplemental jurisdiction

1

exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of West Virginia, and a substantial portion of the events or omissions giving rise to the claims occurred within West Virginia.

## PARTIES

4. Plaintiff is a natural person residing at P.O. Box 560, Lenore, WV 25676.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant Harris & Harris, LTD (Harris & Harris) headquarters is in Chicago with its place of business at 222 Merchandise Mart Plaza, Suite 1900, Chicago, IL 60654. Its registered agent and office is Corporation Service Company, 209 West Washington Street, Charleston, WV 25302.

7. Defendant regularly collects and attempts to collect consumer debt in West Virginia.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

## FACTUAL ALLEGATIONS

9. The instant action arises out of Defendant's attempts to collect on an alleged consumer debt ("debt") that arose from services which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. §1692a(5).

10. The Debt was purchased, assigned or transferred to Harris & Harris for collection, or Harris & Harris was employed by the creditor to collect the debt.

11. Defendant attempted to collect the debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

12. In 2017, Plaintiff began receiving collection calls on her cellular phone, (304) XXX-8479 from Defendant.

13. At all times relevant to the instant action, Plaintiff was the subscriber, owner, and operator of the cellular phone ending in 8479. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Plaintiff never provided her cellular phone number to the Defendant.

15. Plaintiff never gave the Defendant permission to call her cellular phone number.

16. Defendant has used a variety of phone numbers and area codes when calling Plaintiff's cellular phone.

17. When Plaintiff answers calls from Defendant on her cellular phone, Plaintiff experiences a significant pause, lasting approximately three to five seconds in length, before Defendant's representative comes on the line.

18. On the first call and the subsequent calls, Plaintiff made it clear to Defendant that they had the wrong number.

19. Despite Plaintiff's demands, Defendant has continued to persistently call or text Plaintiff's cellular phone up until the date of the filing of this action.

20. Plaintiff never received a letter from Defendant referencing the subject debt.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

23. Plaintiff incorporates the foregoing paragraphs as if fully set forth.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a.  Violations of FDCPA §1692c(a)(1) and §1692d**

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to that it had the wrong number and Defendant was requested to stop. Defendant repeatedly called Plaintiff after she demanded that it stop.  This behavior of systematically calling Plaintiff's phone despite being told to stop calling was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

30. Defendant was notified by Plaintiff that it had the wrong number. As a result, the Defendant knew that its conduct was inconvenient and harassing to her.

### b. Violations of FDCPA §1692f

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior.

### c. Violations of FDCPA §1692g

36. The FDCPA, pursuant to §1692g states that "within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall…send the consumer a written notice." This notice must include various pieces of information listed in §§1692g(a)(1)-(5).

37. Defendant violated §1692g by failing to send Plaintiff notice of the debt. Defendant never mailed her a dunning letter. By neglecting to do so, Defendant did not apprise Plaintiff as to the nature of the debt, or of the fact that she has a right to dispute the debt.

38. As previously pled, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e.   Enjoining Defendant from further contacting Plaintiff; and

    f.   Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

39.    Plaintiff incorporates the foregoing paragraphs as if fully set forth.

40.    The TCPA, pursuant to 47 U.S.C. §227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. §227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

41.    Upon information and belief, defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting approximately three to five seconds in length, which Plaintiff experiences upon answering Defendant's phone calls, is instructive that an ATDS is being utilized to generate the phone calls. Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

42.    Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent.

43.    The calls placed by Defendant to Plaintiff were not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

44.    Under the TCPA, pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to

Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees;

d.  Enjoining Defendant from further contacting Plaintiff; and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

**THE PLAINTIFF DEMANDS A JURY ON ALL COUNTS.**

Dated: April 4, 2018                                      <u>KIMBERLY WORKMAN</u>
                                                         By Counsel

<u>/s/ Stephen G. Skinner</u>
Stephen G. Skinner
WV Bar No. 6725
SKINNER LAW FIRM
PO BOX 487
Charles Town, WV 25414
304-725-7029
sskinner@skinnerfirm.com